Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JHON A. FUENTES,<br><br>*Plaintiff,*<br><br>v.<br><br>API INDUSTRIES, INC. d/b/a ALUF PLASTICS INC., *et al*,<br><br>*Defendants.* | Civil Action No. 16-3299 (JMV) (MF)<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This case comes before the Court on the motion of Defendant API Industries, Inc. ("API" or "Defendant") to dismiss Plaintiff Jhon A. Fuentes' Complaint for lack of federal subject matter jurisdiction. D.E. 27. Plaintiff's underlying claim concerns personal injuries suffered while he worked for API. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

I.  **Factual Background & Procedural History**

The following facts are taken from the Complaint. D.E. 1. The Court only reference facts pertinent to the question of subject matter jurisdiction. Plaintiff resides in New York. Compl. at

---

[1] The following briefs were submitted in connection with this motion: Memorandum of Law in Support of Defendant's Notice of Motion to Dismiss, D.E. 27, hereinafter "Defendant's Brief" or "Def. Br."; Plaintiff's Opposition to Defendant's Motion to Dismiss and in Support of Plaintiff's Cross-Motion to Transfer, D.E. 30, hereinafter "Opposition" or "Opp."; Reply Brief in Further Support of Motion to Dismiss and in Opposition to Plaintiff's Cross-Motion to Transfer, D.E. 33, hereinafter "Reply" or "Reply Br."

¶ 5. API is "registered to do business in the State of New Jersey," but API's industrial factory is located in Orangeburg, New York, and is where Plaintiff worked. *Id.* at ¶¶ 4, 9. Defendant Great American Insurance Group ("GAIG") is a corporation headquartered in Ohio. *Id.* at ¶ 6. In 2015, Plaintiff was injured while operating a machine at the API factory in New York. *Id.* at ¶ 10. The Complaint lists seven counts against Defendants, all arising out of his injuries.

Plaintiff filed his Complaint on June 7, 2016. D.E. 1. GAIG filed a motion to dismiss on August 1, 2016 and has since been dismissed from the case. D.E. 10, 13. API filed the instant motion on July 28, 2017, which Plaintiff opposed, D.E. 30. In his Opposition, Plaintiff requested that this Court deny the motion, grant jurisdictional discovery, or transfer this case to the United States District Court for the District of Delaware. Defendant replied on September 19, 2017, indicating that a transfer was untenable because a federal court in Delaware would still lack subject matter jurisdiction. D.E. 33.

## II.   Standard of Review

The Complaint invokes diversity jurisdiction. Compl. ¶ 1. To properly invoke subject matter jurisdiction under 28 U.S.C. § 1332(a), a plaintiff must "show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.,* 387 Fed. App'x 289, 292 (3d Cir. 2010). Complete diversity means that a plaintiff must be a citizen of different state than each defendant. *Gay v. Unipack, Inc.,* 2011 WL 5025116, at *4 (D.N.J. Oct. 20, 2011). "Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed." *Midlantic Nat. Bank v. Hansen,* 48 F.3d 693, 696 (3d Cir. 1995); *see also Scott v. Cohen,* 528 Fed. App'x 150, 152 (3d Cir. 2013) ("Federal jurisdiction is determined from the facts as they exist when the complaint is filed.").

A corporation is deemed to be a citizen of both the state where it has its principal place of business and the state in which it is incorporated. 28 U.S.C. § 1332(c)(1); *see Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) (holding that a corporation is "considered a citizen of its State of incorporation" and "a citizen of the State where it has its principal place of business"); *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016) (holding the same). The fact that a corporation merely has a registered agent for service in a state is irrelevant to the analysis of citizenship for the purposes of diversity jurisdiction under Section 1332. *See Johnson v. Gen. Dynamics Info. Tech.*, 675 F.Supp.2d 236, 241–42 (D.N.H. 2009); *Matt v. Baxter Healthcare Corp.*, 74 F.Supp.2d 467, 468–69 (E.D. Pa. 1999).

In deciding a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must first determine whether the moving party presents a facial or factual attack because that distinction determines how the pleading is reviewed. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015). Here, Defendant makes a factual attack, arguing that API is actually a citizen of New York.[2] However, the Court does not need to reach the issue of API's actual citizenship. Instead, the Court will perform its analysis under a facial attack standard because Plaintiff has failed to plead proper jurisdictional facts that would allow the Court to exercise its diversity jurisdiction.

---

[2] The Court will not further address the issue of API's actual citizenship, except to say that should Plaintiff re-file its Complaint and properly allege diversity citizenship, the Court will order jurisdictional discovery on the issue of API's principal place of business.

### III. Analysis

The parties appear to agree that API is a Delaware corporation. Thus, the critical question is API's principal place of business: Plaintiff claims that it is New Jersey, while API asserts that it is New York (where Plaintiff was injured). If it is New York, then diversity jurisdiction does not exist because Plaintiff is also a citizen of New York.

Plaintiff has failed to adequately plead the jurisdictional requirements of 28 U.S.C. § 1332(1), that is, complete diversity between the parties. *See Clavin v. Potter*, 2006 WL 1044621, at 1 (D.N.J. Apr. 19, 2006) ("The burden of showing subject matter exists falls on the party seeking to invoke it."). Instead, Plaintiff states in the Complaint that Defendant is registered to do business in New Jersey, and that Defendants API and GAIG "deliberately and purposefully avail themselves of the rights and privileges inured to citizens of the State of New Jersey." *See* Compl. at ¶¶ 5, 3. These allegations, however, do not plausibly plead that API has its principal place of business in New Jersey.

The question of whether a party has availed itself of a certain jurisdiction by directing its business towards that forum state is relevant to whether or not the Court has personal jurisdiction over the party, not to whether the Court has subject mater jurisdiction. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *XL Specialty Ins. Co. v. Westmoreland Coal Co.*, 2006 WL 178962, at *8 (D.N.J. June 26, 2006). The Court must have both to proceed. *Tagayun v. Levin & Stolzenberg, Attorneys at Law*, 239 Fed. App'x 708, 708 (3d Cir. 2007).

Plaintiff argues in its Opposition that Defendant has waived the issue of personal jurisdiction by appearing in this action. Opp. at 8. Again, personal jurisdiction and subject matter jurisdiction are distinct requirements. Personal jurisdiction can be waived, while subject matter

jurisdiction cannot. Either party may file a motion to dismiss for lack of subject matter jurisdiction at any time. *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004); *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). When a party has sufficient contacts with the forum state, it does not make that party a "citizen" of that state for the purposes of subject matter jurisdiction. Because the Complaint does not adequately plead that API's principal place of business is New Jersey, the Court "lack[s] the constitutional authority" to adjudicate the matter, and the Complaint is dismissed without prejudice. *CBS Corp. v. Schindler Elevator Corp.*, 604 F. App'x 209, 209 (3d Cir. 2015).

As to Plaintiff's cross-motion to transfer to Delaware, the Court denies the motion. If API's principal place of business is New York, then diversity jurisdiction will not exist in the District of Delaware either.

### IV. Conclusion

For the reasons stated above, the Complaint is dismissed for lack of subject matter jurisdiction without prejudice. Plaintiff's cross-motion for transfer of venue is denied. Plaintiff is granted leave to file an amended complaint within thirty days; the amended complaint must adequately address the Court's subject matter jurisdiction. If Plaintiff does file an amended complaint, the Court will permit the parties to take jurisdictional discovery. Alternately, Plaintiff is given leave to institute the matter in the appropriate state court within thirty days. *See Jaworowski v. Ciasulli*, 490 F.3d 331, 336 (3d Cir. 2007). An appropriate Order accompanies this Opinion.

Dated: June 14, 2018

John Michael Vazquez, U.S.D.J.